# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LARRY MUFF, *as executor of the estate of Joseph A. Muff*,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | No. 21-CV-4003-CJW-MAR<br><br>**ORDER** |

## I.　INTRODUCTION

This matter is before the Court on plaintiff's Motion to Reconsider the Court Order overruling plaintiff's Objection to Magistrate Judge's Order. (Doc. 39). Defendant timely filed a resistance. (Doc. 44). Plaintiff filed a reply.[1] (Doc. 47). For the following reasons, the Court **denies** plaintiff's Motion to Reconsider.

## II.　RELEVANT BACKGROUND

On December 17, 2020, plaintiff filed a petition against defendant in the Iowa District Court for Crawford County. (Doc. 1-1, at 3). In the petition, plaintiff alleged that Joseph A. Muff ("Mr. Muff") maintained bank accounts with defendant from 2014 to 2018 at defendant's Denison, Iowa branch. (*Id.*). Mr. Muff was married to Joyce Paige Muff ("Ms. Paige"). (*Id.*). Ms. Paige's son Tadd Joshua Paige ("Josh") lived with her and Mr. Muff. (*Id.*). In January 2015, Ms. Paige died. (*Id.*, at 4). Thereafter,

---

[1] The Court finds plaintiff's assertion in his reply brief that defense counsel violated ethical rules (Doc. 47, at 2-3) to be both baseless and improper. Plaintiff's counsel is cautioned against making ethical aspersions at opposing counsel unless they are very well founded. Here, they are not.

Josh continued to reside with Mr. Muff, his stepfather. (*Id.*). Following Ms. Paige's death, Mr. Muff allegedly began to deteriorate mentally and physically, and Josh began isolating Mr. Muff from others. (*Id.*).

Plaintiff alleges that in January 2016, Josh began withdrawing money from investments Mr. Muff held with Hartford Core Equity Fund ("Hartford") without authorization. (*Id.*). Josh allegedly instructed Hartford to forward checks to Mr. Muff, intercepted the checks, forged Mr. Muff's signature on them, deposited the funds in Mr. Muff's checking account with defendant, and then improperly transferred the funds into a joint account to which he had access. (*Id.*).

On September 23, 2018, Mr. Muff died. (Doc. 1-2). Subsequently, Josh was criminally charged in Crawford County, Iowa. (Doc. 1-1, at 4). Josh ultimately pled guilty to three counts of Theft in the First Degree and was ordered to pay $770,370 in damages to Mr. Muff's estate. (Doc. 1, at 4). Josh was subsequently sentenced to ten years' imprisonment on each count to run concurrently and is now in custody. (Doc. 7-1, at 3 n.5). Plaintiff asserts defendant knew or should have known about Josh's scheme given the number of transactions and amount of money involved. (Doc. 1-1, at 5). As a result, plaintiff brings three claims of conversion against defendant. (*Id.*, at 5–7).[2]

On January 21, 2021, defendant removed this case to this Court, alleging diversity of citizenship and a sufficient amount in controversy under Title 28, United States Code, Section 1332(a). (Doc. 1).

On October 7, 2021, plaintiff filed a Motion to Amend Complaint. (Doc. 23). Plaintiff's Motion sought to add claims for negligence (Count IV), elder exploitation (Count V), and punitive damages (Count VI). (Doc. 23-1). Defendant resisted the

---

[2] In his motion, plaintiff states that his petition only contains two conversion claims. (Doc. 7-1, at 1). This discrepancy is immaterial.

2

motion on the ground that the new claims are futile. (Doc. 26). On November 8, 2021, the Honorable Mark A. Roberts, United States Magistrate Judge, denied plaintiff's motion, finding the claims would be futile. (Doc. 30).

On December 28, 2021, the Court overruled plaintiff's objection to Judge Roberts' order, finding plaintiff's proposed amended complaint is futile and affirmed Judge Roberts' order denying plaintiff's motion to amend his complaint.[3] (Doc. 38).

### III. ANALYSIS

The Court begins its analysis recognizing that motions to reconsider are generally disfavored. *See Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011). The Federal Rules of Civil Procedure do not mention motions to reconsider. *See Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Thus, there is a heavy burden on the party asking for reconsideration and they are only proper "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal citation omitted). *See also Bradley Timberland Resources v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) ("A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence' after a final judgment." (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006), with citations and quotation marks omitted)).

Here, plaintiff has not shown manifest error of law or fact and has not claimed newly discovered evidence. Rather, plaintiff simply rehashes arguments the Court has already rejected or—at most—cites additional authorities and arguments he contends support its prior arguments. Indeed, the Court noted that plaintiff failed to file a reply brief to defendant's resistance. (Doc. 38, at 1). Plaintiff's motion to reconsider appears

---

[3] The Court did affirm plaintiff's objection to Judge Roberts' order to the extent that it relied on the statute of limitations to bar plaintiff's negligence claim. (Doc. 38, at 14).

to be nothing more than a reply brief that plaintiff failed to timely file. That falls far short of what is required of a motion to reconsider. *See Fongwo v. Gonzales*, 430 F.3d 944, 948 (8th Cir. 2005) ("[A] motion to reconsider is not a proper vehicle simply to reargue the case."). Thus, the Court denies plaintiff's motion to reconsider on this ground alone.

Nevertheless, the Court will address the merits of plaintiff's arguments as well. Plaintiff asserts that the Court erred by relying on defendant's assertion that Iowa law does not recognized a private cause of action for elder abuse because defendant did not disclose that there is "federal authority for a national bank's duty to shield against their-party elder exploitation." (Doc. 39, at 1). Plaintiff then relies on his expert's report that suggests that defendant failed to comply with industry standards regarding protection of elders. (Doc. 39-1, at 1-2). Plaintiff further argues that his complaint sufficiently alleges facts supporting punitive damages and that "[d]iscovery and investigation in this case is ongoing." (*Id.*, at 3).

Plaintiff has never before claimed that federal law authorized a private cause of action against a bank for failing to protect a customer against elder abuse. Plaintiff did not plead a federal cause of action in the proposed amended complaint. Further, in his motion to reconsider, plaintiff does not cite any authority establishing a private cause of action against a bank for failing to protect a customer against elder abuse.[4] Plaintiff relies

---

[4] In his reply brief, plaintiff cites *McGraw v. Wachovia Securities*, 756 F.Supp.2d 1053, 1070-71 (N.D. Iowa 2010), for the proposition that "securities industry regulator's rules established industry standards and a breach of duty occurred when such rules were violated (negligence)." (Doc. 47, at 4). Plaintiff's reliance on *McGraw* is misplaced. In *McGraw*, the Court denied a motion for summary judgment, finding there was a fact question whether a brokerage firm owed a duty of care to non-customers. The Court did not find such duty of care existed. The Court did not declare in *McGraw* that a breach of industry standards gives rise to a private cause of action to a third party.

4

on industry standards promulgated by federal authorities, but that does not establish a private cause of action against a bank that fails to live up to those standards.

Last, plaintiff's argument about punitive damages remains meritless. Plaintiff's complaint does not allege facts which, if taken as true, would give rise to punitive damages. Plaintiff cannot seek punitive damages based on the hope and prayer that he will discover grounds for the damages through discovery. Further, plaintiff's constant repetition of the fact defendant was fined for regulatory violations completely unrelated to this case does nothing to establish a basis for seeking punitive damages in this case.

In short, the Court reaffirms its denial of plaintiff's motion to amend his complaint to allege a private cause of action for so-called elder exploitation and that a claim for punitive damages is improper.

## IV. CONCLUSION

For these reasons, the Court **denies** plaintiff's Motion to Reconsider. (Doc. 39).

**IT IS SO ORDERED** this 10th day of February, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa